IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GREGORY CHRISTOPHER ANDREWS,    )<br>    )<br>    Plaintiff,    )<br>    )<br>v.    )<br>    )<br>KILOLO KIJAKAZI,    )<br>Acting Commissioner of Social Security,    )<br>    )<br>    Defendant.    ) | Case No. 19-3291 |

OPINION

RICHARD MILLS, United States District Judge:

Gregory Christopher Andrews seeks review of the Administrative Law Judge's Decision denying his claim for Disability Insurance Benefits and moves for summary judgment.

Defendant Commissioner moves for summary affirmance.

I. BACKGROUND

Plaintiff Andrews was born in 1977. Andrews filed an application for Disability Insurance Benefits on December 27, 2016, alleging an onset date of December 16, 2016. The claims were initially denied and were denied upon reconsideration. Andrews filed a request for a hearing and a hearing was scheduled.

1

On March 4, 2019, ALJ Kathleen Winters issued an unfavorable Decision. The ALJ found that Andrews had severe impairments of obesity, ischemic heart disease/chronic heart failure, status post stent; peripheral neuropathy; diabetes mellitus; depression; posttraumatic stress disorder; and anxiety. The ALJ found that Andrews did not meet or medically equal the severity of one of the listed impairments. The ALJ provided a residual functional capacity to perform light work which was limited as follows: to occasional push or pull with bilateral lower extremities; frequently climb stairs or ramps, kneel, crouch or crawl; occasionally balance; can never climb ladders, ropes or scaffolds; no concentrated exposure to moving machinery, unprotected heights, and no commercial driving; a sit/stand option, changing positions no more frequently than every thirty minutes, while remaining on task; with work that can be learned in thirty days or less, with simpler routine tasks, routine workplace changes, able to remain on task in two hour increments; occasional interaction with coworkers, supervisors and general public.

The ALJ determined that: (1) the record did not support Plaintiff's claim that he had to elevate his legs; (2) Plaintiff reported that he exercised an hour a day even after experiencing a myocardial infarction; (3) Plaintiff's cardiac examinations were typically normal; and (4) Plaintiff was not compliant with his diabetes medication yet his physical examinations were normal nonetheless. Andrews alleges the ALJ failed to properly assess his subjective complaints and the case should be remanded.

The ALJ found that Andrews could not perform his past skilled jobs in the medical field but could perform other light simple occupations existing in significant numbers in the national economy, including the jobs of office helper, mail clerk and labeler and was thus not disabled. Andrews filed a request for review of the Decision, which was denied on October 17, 2019, resulting in a final administrative Decision.

Andrews has a date last insured of December 31, 2020 for Disability Insurance Benefits.

## II. DISCUSSION

Legal standard

When, as here, the Appeals Council denies review, the ALJ's decision stands as the final decision of the Commissioner. *See Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010). The Act specifies that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Yurt v. Colvin*, 758 F.3d 850, 856 (7th Cir. 2014) (citations omitted). Although the task of a court is not to re-weigh evidence or substitute its judgment for that of the ALJ, the ALJ's decision "must provide enough discussion for [the Court] to afford [the Plaintiff]

meaningful judicial review and assess the validity of the agency's ultimate conclusion." *Id*. at 856-57. The ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotation marks omitted).

Courts shall uphold an ALJ's credibility determination unless the determination is "patently wrong." *See Stepp v. Colvin*, 795 F.3d 711, 720 (7th Cir. 2015). SSR 16-3p explains factors to consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms. 2017 WL 5180304 (Oct. 25, 2017); *see also* 20 C.F.R § 404.1529. Factors to consider in addition to the objective medical evidence include: (1) the claimant's daily activities; (2) the location, duration, frequency and intensity of the pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness and side effects of medication; (5) any treatment, other than medication, for relief of pain or other symptoms; (6) any measures the claimant uses to relieve the pain or other symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. *See* SSR 16-3p, 2016 WL 1119029 at *7. ALJs should "focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and . . . whether the intensity and persistence of the

symptoms limit the individual's ability to perform work-related activities." *Id.* at *11.

### Plaintiff's allegations of disability

Here, the ALJ acknowledged that Andrews's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." However, the ALJ determined that Andrews's statements concerning the intensity, persistence and limiting effects of the symptoms was not consistent with the medical evidence and other record evidence.

The ALJ stated that nothing in the record supported Andrews's assertion that he had to elevate his legs. Andrews alleges that, while no provider recommended that he elevate his legs, such a limitation appears to be reasonably consistent with a record that continually documents concerns about a history of cardiac issues and diabetic neuropathy. Moreover, there is no medical opinion which states that he does not need to elevate his legs. Andrews further contends it should not be necessary for everything he alleges to be specifically backed up by the record. The ALJ did acknowledge that Andrews experienced decreased sensation in his legs and accommodated that by limiting him to occasional pushing and pulling with his legs, a sit-stand option and other postural limitations.

5

Based on the entire record, the Court concludes that the ALJ's determination that Andrews did not have to elevate his legs was a reasonable inference.

Next, the ALJ noted that Andrews exercised close to an hour per day after his infarction and stenting. Andrews reported doing this on December 1, 2016, which was two weeks prior to his alleged onset date. It is also not clear what type of exercise Andrews performed. The Seventh Circuit has noted that "activities such as walking in the mall and swimming are not necessarily transferrable to the work setting with regard to the impact of pain." *Carradine v. Barnhart*, 360 F.3d 751, 756 (7th Cir. 2004). Moreover, the remainder of the record supports a more limited daily routine with no indications of regular exercise, but rather consistent complaints of malaise and fatigue, along with a loss of interest in doing anything. During a stress test in January of 2018, Andrews failed the protocol after just 11 minutes due to findings suggestive of myocardial ischemia.

While it was not unreasonable for the ALJ to cite the amount that Andrews exercised two weeks before his alleged onset date as evidence that he was not as physically limited as he alleged, the ALJ should have made further inquiry as to the nature of the exercise. Unspecified exercise prior to the alleged date of disability is not necessarily inconsistent with Andrews's claim. The Court concludes that the ALJ had a duty to further analyze this claim.

While Andrews failed the January 2018 stress test, the Commissioner claims that he passed other stress tests after he was disabled. However, it appears that each of the record citations is to the same stress test performed on January 16, 2018. That test was stopped after 11 minutes due to exercise-induced apical hypokinesis, suggesting exercise-induced myocardial ischemia. The consulting doctor noted Andrews did not pass the stress test. The Court concludes that the ALJ's reliance on a vague report of exercise prior to Andrews's alleged onset date instead of an objective stress test during the relevant period that established difficulty walking for 11 minutes was error.

The ALJ further found that the evidence as to Andrews's mental impairments was not consistent with his alleged severity of symptoms. Specifically, Andrews's mental examinations showed an anxious mood but were otherwise "typically noted to be intact." Andrews notes that the ALJ focused on the normal objective evidence regarding his chest pain when seen during emergency department stays. While the ALJ properly observes the cardiac findings were generally normal, Andrews alleges the ALJ fails to acknowledge that these normal findings in the context of multiple emergency room visits were evidence of Andrews's anxiety. Andrews notes that he went to the emergency department on multiple occasions with complaints that resulted in repeated angiograms and catheterizations. Andrews testified at the hearing that these visits resulted from anxiety, which he says is consistent with the

reports in the record. Andrews contends the ALJ all but ignores the fact that his anxiety was so severe that he felt like he was having a heart attack. These attacks were occurring even though Andrews was not experiencing the added stressor of employment. Andrews asserts that the ALJ's failure to properly address these emergency department visits demonstrates that the ALJ misunderstands this fundamental aspect of his impairment.

The ALJ noted that Andrews had severe anxiety and that his mental status examinations reflected an "anxious, depressed and irritable mood." The ALJ further observed that few objective findings supported severe limitations. It appears that the ALJ may not have found Andrews's testimony to be credible. However, that is not clear from the record. Accordingly, the ALJ did not build logical bridge between the evidence and the conclusion.

Next, the ALJ observed that while Andrews's diabetes was uncontrolled, his physical examinations were generally normal, showing a normal gait with only occasional mention of decreased sensation in his feet. The ALJ made this finding while noting that Andrews was not compliant with his diabetes medication. The Commissioner notes the ALJ accommodated Andrews's anxiety and depression with work limitations. Andrews states that his treatment provider observed that his noncompliance in treating his diabetes was likely due to his depression and symptoms of apathy. The ALJ did not address this evidence. As with the

relationship between Andrews's emergency department visits and his anxiety, the ALJ did not build a logical bridge between the evidence and conclusion with respect to his noncompliance.

The ALJ acknowledged Andrews's physical and mental health treatment in her Decision. Ultimately, the ALJ determined that Andrews was not precluded from all work. Because of the failure to address some of the factors that may support Andrews's claim, however, the Court is unable to conclude that the ALJ's Decision is supported by substantial evidence.

Ergo, the Motion of Plaintiff Gregory Christopher Andrews for Summary Judgment [d/e 14] is GRANTED.

The Motion of Defendant Commissioner of Social Security for Summary Affirmance [d/e 16] is DENIED.

The Commissioner's Decision Denying Plaintiff's application for benefits is Reversed.

Pursuant to the fourth sentence of 42 U.S.C. § 405(g), a Judgment will be entered reversing the Decision of the Commissioner of Social Security and remanding the case for a rehearing and new Decision.

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk will substitute Kilolo Kijakazi, Acting Commissioner of Social Security, and terminate Andrew Saul as Defendant in this suit.

ENTER: January 7, 2022

    FOR THE COURT:

                              /s/ *Richard Mills*
                              Richard Mills
                              United States District Judge